# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **ANTHONY REINO**<br>824 S. Ludwig Avenue<br>Gibsonburg, Ohio 43431<br><br>and<br><br>**GINA REINO**<br>824 S. Ludwig Avenue<br>Gibsonburg, Ohio 43431<br><br>**Plaintiffs,**<br><br>v.<br><br>**LGSI EQUIPMENT OF INDIANA, LLC**<br>c/o Timothy J. Monahan<br>12755 East Nine Mile Road<br>Warren, Michigan 48089<br><br>and<br><br>**UNIVERSAL ON-DEMAND, INC.**<br>c/o Timothy J. Monahan<br>12755 East Nine Mile Road<br>Warren, Michigan 48089<br><br>and<br><br>**LAWRENCE J. NASTAL**<br>2116 Regina Avenue<br>Lincoln Park, Michigan 48146<br><br>**Defendants.** | **Case No.:**<br><br>**Judge:**<br><br>**PLAINTIFFS' COMPLAINT**<br><br>**Jury Demand Endorsed Hereon**<br><br>Michael A. Bruno (0033780)<br>Kathleen R. Harris (0088079)<br>Charles E. Boyk Law Offices, LLC<br>405 Madison Avenue, Suite 1200<br>Toledo, Ohio 43604<br>Telephone: (419) 241-1395<br>Facsimile: (419) 241-8731<br>mbruno@charlesboyk-law.com<br>kharris@charlesboyk-law.com<br><br>*Attorneys for Plaintiff* |

\#

Plaintiffs Anthony Reino and Gina Reino, by and through the undersigned counsel, hereby file the following Complaint against Defendants LGSI Equipment of Indiana, LLC, Universal On-Demand, Inc., and Lawrence J. Nastal for injuries and damages arising out of a rear-end semi-truck collision that occurred on or about August 3, 2018 in Wood County, Ohio. In support of their claims, Plaintiffs state as follows:

## THE PARTIES

1. Plaintiff Anthony Reino is an individual and a citizen of the State of Ohio, residing in Gibsonburg, Sandusky County, Ohio.

2. Plaintiff Gina Reino, who at all times relevant to this Complaint has been Anthony Reino's legal spouse, is an individual and a citizen of the State of Ohio, residing in Gibsonburg, Sandusky County, Ohio.

3. Defendant LGSI Equipment of Indiana, LLC ("LGSI") is a for-hire motor carrier operating commercial motor vehicles transporting property in interstate commerce. It is registered with the Federal Motor Carrier Safety Administration and is a business entity organized and existing under the laws of the State of Indiana and with its principal place of business in the State of Michigan. It is licensed to do business in the State of Ohio and was in the business of transporting goods in Wood County, Ohio at the time of the incidents alleged herein.

4. Defendant Universal On-Demand, Inc. is a for-hire motor carrier operating commercial motor vehicles transporting property in interstate commerce. It is registered with the Federal Motor Carrier Safety Administration and is a business entity organized and existing under the laws of the State of Michigan and with its principal place of business in the State

of Michigan. It is licensed to do business in the State of Ohio and was in the business of transporting goods in Wood County, Ohio at the time of the incidents alleged herein.

5. Defendant Lawrence J. Nastal is an individual and a resident of the State of Michigan.

## JURISDICTION AND VENUE

6. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

7. Plaintiffs' claims are brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship.

8. Because Plaintiffs are citizens of the State of Ohio, no Defendant is a citizen of the State of Ohio, and the amount in controversy exceeds $75,000.00, diversity jurisdiction exists in this Court.

9. Venue is proper in this Court because this action arises from a motor vehicle collision occurring in Wood County, Ohio, which is located in this judicial district.

## FACTUAL ALLEGATIONS

10. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

11. At all relevant times, Defendant LGSI Equipment of Indiana, LLC and/or Defendant Universal On-Demand, Inc. owned and/or operated a 2016 Freightliner with Vehicle Identification Number 3AKJGED59GDHP9494.

12. At all relevant times, Defendant Lawrence J. Nastal was acting in the course and scope of his employment and/or agency with Defendant LGSI and/or Defendant Universal On-Demand.

13. On or about August 3, 2018, Plaintiff Anthony Reino was operating his Buick Lucerne southbound on I-280 in Wood County, Ohio and began slowing for traffic ahead.

14. At the same time, Defendant Lawrence J. Nastal was also traveling southbound on I-280, operating the 2016 Freightliner described above behind Plaintiff Anthony Reino's vehicle.

15. Defendant Nastal failed to keep a proper lookout, failed to slow for traffic ahead, and slammed into the rear of Plaintiff Anthony Reino's vehicle, pushing the vehicle off the right side of the road before colliding with several other vehicles on I-280.

16. Anthony Reino was knocked unconscious as a result of the collision, and his right leg was crushed between the seat and center console. He was extricated from his vehicle and transported by ambulance to Mercy St. Vincent's, where he began treating for serious personal injuries including to his right leg and head. When he began bearing weight more normally, an injury to his left knee was discovered, which ultimately required surgery. Further, the right-leg crushing injury, which still causes swelling and other complications, is believed to be permanent.

17. Criminal charges are currently pending against Defendant Nastal with respect to this collision.

## FIRST CAUSE OF ACTION
(*Negligence – Defendant Lawrence J. Nastal*)

18. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

19. Defendant Lawrence J. Nastal had a duty to exercise ordinary care and caution for the safety and welfare of other motorists in his operation of a commercial motor vehicle, including by adhering to the laws of the State of Ohio, the Federal Motor Carrier Safety Act, the Federal Motor Carrier Safety Regulations, and the rules of common law.

20. Defendant Nastal breached his duties of care and was negligent by failing to keep a proper lookout and failing to maintain assured clear distance ahead of the semi-truck he was operating, and by colliding with the rear of the vehicle driven by Plaintiff Anthony Reino.

21. As a direct and proximate result of Defendant Nastal's negligence, Plaintiff Anthony Reino sustained the serious and permanent personal injuries set forth herein. These injuries required medical and hospital care and caused Plaintiff Anthony Reino to incur substantial medical and hospital care costs, along with causing pain and suffering, lost wages and other economic loss, mental anguish, and emotional distress.

22. Further, Plaintiff Anthony Reino believes his injuries are permanent and will require future medical care and future medical care costs, and that he will continue to endure great pain, suffering, mental anguish, and emotional distress.

23. Defendant Lawrence J. Nastal's actions and omissions demonstrated a conscious disregard for the rights and safety of Plaintiff Anthony Reino and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of his conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Nastal.

## SECOND CAUSE OF ACTION
(*Vicarious Liability – Defendant LGSI Equipment of Indiana, LLC*)

24. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

25. At all relevant times, Defendant Lawrence J. Nastal was the employee, agent, servant, or independent contractor of Defendant LGSI Equipment of Indiana, LLC. Accordingly, Defendant LGSI is vicariously liable for the acts of Defendant Nastal described herein.

26. Regardless of the employment or agency relationship, Defendant LGSI is an interstate motor carrier and the registered owner or operator of the commercial motor vehicle driven by Defendant Nastal and is therefore responsible for the acts of the defendant driver.

### THIRD CAUSE OF ACTION
**(*Vicarious Liability – Defendant Universal On-Demand, Inc.*)**

27. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

28. At all relevant times, Defendant Lawrence J. Nastal was the employee, agent, servant, or independent contractor of Defendant Universal On-Demand, Inc. Accordingly, Defendant Universal On-Demand is vicariously liable for the acts of Defendant Nastal described herein.

29. Regardless of the employment or agency relationship, Defendant Universal On-Demand is an interstate motor carrier and the registered owner or operator of the commercial motor vehicle driven by Defendant Nastal and is therefore responsible for the acts of the defendant driver.

### FOURTH CAUSE OF ACTION
**(*Negligence – Defendant LGSI Equipment of Indiana, LLC*)**

30. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

31. Defendant LGSI Equipment of Indiana, LLC had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Lawrence J. Nastal, and to promulgate and enforce policies, procedures, and rules to ensure that its

#

drivers and vehicles were reasonably safe. Defendant LGSI had a duty to exercise reasonable care in all its actions and omissions.

32. Defendant LGSI had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

33. Defendant LGSI failed in the above-mentioned duties and was therefore negligent.

34. Defendant LGSI's negligence was the direct and proximate cause of the injuries and damages described in this Complaint.

35. Defendant LGSI's actions and omissions demonstrated a conscious disregard for the rights and safety of Plaintiff Anthony Reino and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant LGSI.

## FIFTH CAUSE OF ACTION
(*Negligence – Defendant Universal On-Demand, Inc.*)

36. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

37. Defendant Universal On-Demand, Inc. had a duty to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Lawrence J. Nastal, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant Universal On-Demand had a duty to exercise reasonable care in all its actions and omissions.

38. Defendant Universal On-Demand had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

39. Defendant Universal On-Demand failed in the above-mentioned duties and was therefore negligent.

40. Defendant Universal On-Demand's negligence was the direct and proximate cause of the injuries and damages described in this Complaint.

41. Defendant Universal On-Demand's actions and omissions demonstrated a conscious disregard for the rights and safety of Plaintiff Anthony Reino and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Universal On-Demand.

## SIXTH CAUSE OF ACTION
### (*Loss of Consortium*)

42. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

43. Plaintiff Gina Reino has at all relevant times been the legal spouse of Plaintiff Anthony Reino.

44. Plaintiff Gina Reino states that as a direct and proximate result of the negligence described herein, she has been deprived of the love, affection, services, consortium, and society of her spouse, Plaintiff Anthony Reino.

45. Plaintiff Gina Reino further states that the enjoyment and quality of her life and her ability to carry on the normal activities of her daily life with her spouse, Plaintiff Anthony Reino, have been impaired as a direct and proximate result of the Defendants' negligence.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against all Defendants, in an amount that is fair and just and in excess of Seventy-Five Thousand Dollars

#

($75,000.00), in addition to punitive damages, costs, and other relief that this Honorable Court deems just under the circumstances.

                Respectfully submitted,

                /s/ Michael A. Bruno
                Michael A. Bruno
                Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury on all triable issues.

                Respectfully submitted,

                /s/ Michael A. Bruno
                Michael A. Bruno
                Attorney for Plaintiffs

#